UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ELIZABETH GRANT and GRACE GRANT,

                      Plaintiffs,

      - against -

ADULT PROTECTIVE SERVICE,
ELMHURST GENERAL HOSPITAL, DEPT.
OF HEALTH AND MENTAL HYGENE,
ASPCA, NICOLETTA CAFFERI; EDMOND
GRANT, MEARA CHU, MARUF MIRZA,
ELIZABETH BRANDLER, ERIN
SOUTERWATE, ZARA, and
STEPHANIE ZOO,

                      Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-775 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

        Plaintiff Elizabeth Grant filed the instant *pro se* action pursuant to 28 U.S.C. § 1331 and asserts federal-question jurisdiction on behalf of herself and her mother, Grace Grant.[1] By Order dated February 11, 2022, the United States District Court for the Southern District of New York transferred this action to this district. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted and her application for pro bono counsel is denied without prejudice to renew. For the reasons stated below, the Complaint is dismissed for failure to state a claim. However, Plaintiff is granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint.

---

[1] Because Plaintiff Elizabeth Grant purports to bring this action both on her own and her mother's behalf (the latter of which, as discussed below, she cannot do), the Court does not refer to Grace Grant as a plaintiff, and refers only to Elizabeth Grant as Plaintiff herein.

1

## BACKGROUND

Plaintiff's 88-page handwritten Complaint is difficult to decipher. The Complaint is illegible in places, alleges facts in a disjointed, stream-of-consciousness manner, and discusses past legal claims and issues, many of which have been the subject of her prior dismissed lawsuits in this Court.[2] Accordingly, the Court takes judicial notice of the following prior actions filed by Plaintiff, in order to place her claims in the proper context: (1) *Grant v. Cafferri*, No. 19-CV-2148 (RRM) (LB), 2019 WL 6526007, at *1 (E.D.N.Y. Dec. 4, 2019), a consolidated action brought by Plaintiff on behalf of herself and her mother, alleging that the defendants, some of which are named in the instant action, violated her constitutional rights; and (2) *Grant v. ASPCA*, No. 16-CV-2765 (ER), 2017 WL 1229737, at *1 (S.D.N.Y. Mar. 31, 2017), an action in which Plaintiff alleged violations of her First, Fourth, and Fourteenth Amendment rights arising from the seizure and continued retention of her animals by some of the defendants named herein. The Court also takes judicial notice of allegations asserted by Plaintiff in *Grant v. Warden of Rose M. Singer Center*, No. 19-CV-2046 (RRM) (LB) (E.D.N.Y. 2019).

---

[2] Plaintiff has filed 13 prior actions in this district, all of which have been dismissed. *See Grant v. Warden of Rose M. Singer*, No. 19-CV-2046 (RRM) (LB) (E.D.N.Y. Apr. 11, 2019); *Grant v. Cafferri et al.*, No. 19-CV-2148 (RRM) (LB) (E.D.N.Y. Apr. 11, 2019); *Grant v. ASPCA et al.*, No. 19-CV-2239 (RRM) (LB) (E.D.N.Y. Apr. 11, 2019); *Grant v. Vultreggo et al.*, No. 19-CV-2204 (RRM) (LB) (E.D.N.Y. Apr. 15, 2019); *Grant v. Soba et al.*, No. 19-CV-2525 (RRM) (LB) (E.D.N.Y. Apr. 30, 2019); *Grant v. Zao et al.*, No. 19-CV-2832 (RRM) (LB) (E.D.N.Y. May 9, 2019); *Grant v. Resan*, No. 19-CV-2911 (RRM) (LB) (E.D.N.Y. May 13, 2019); *Grant v. Queens Supreme Court et al.*, No. 19-CV-3244 (RRM) (LB) (E.D.N.Y. May 28, 2019); *Grant v. DOC et al.*, No. 19-CV-3380 (RRM) (LB)(E.D.N.Y. May 30, 2019); *Grant v. ASPCA et al.*, No. 19-CV-3689 (RRM) (LB) (E.D.N.Y. June 25, 2019); *Grant v. Brooklyn Veterans Hospital et al.*, No. 19-CV-4875 (RRM) (LB) (E.D.N.Y. Aug. 21, 2019); *Grant v. Cheena, et al.*, No. 19-CV-4876 (RRM) (LB) (E.D.N.Y. Aug. 21, 2019); *Grant v. Tracy et al.* No. 19-CV-6081 (RRM) (LB) (E.D.N.Y. Oct. 25, 2019).

The Court construes the Complaint to allege the following facts and claims. Plaintiff lives with her mother, Grace Kent, in East Elmhurst, New York. (Complaint ("Compl."), Dkt. 2, ECF[3] 6.) Plaintiff alleges that on November 26, 2021, in violation of Plaintiff's and her mother's "Fourth Amendment rights to privacy and property," Adult Protective Services[4] "busted in" to their house "breaking the door and having the police handcuff both" of them. (*Id.* at ECF 3, 30.) Plaintiff and her mother were then "drag[ged] . . . out of the house against [their] will" and "brought to Elmhurst Hospital" where Plaintiff's mother "passed her physical and mental exams."[5] (*Id.* at ECF 3, 30.) Plaintiff's mother was deemed "incapacitated" and has been "held" at the hospital for nearly two months, up to and including the date of filing of this action on February 2, 2022. (*Id.* at ECF 3, 30–31.)

In addition to the allegations above, Plaintiff also includes the following other allegations in the Complaint:

- Plaintiff's mother's pets were seized from the house by the American Society for the Prevention of Cruelty to Animals ("ASPCA") against the mother's will and in violation of the Fourth Amendment. (*Id.* at ECF 5–6, 29.)[6]

---

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[4] Adult Protective Services is a New York state mandated "program that helps New Yorkers 18 years of age and older regardless of income who:" (1) "[a]re mentally and/or physically impaired;" (2) "[d]ue to these impairments, are unable to manage their own resources, carry out the activities of daily living, or protect themselves from abuse, neglect, exploitation or other hazardous situations without assistance from others;" and (3) "[h]ave no one available who is willing and able to assist them responsibly." NYC Human Resources Administration, Department of Social Services, *Adult Protective Services Brochure*, https://www1.nyc.gov/assets/hra/downloads/pdf/services/aps/APS_BROCHURE.pdf (last visited Feb. 17, 2022). In New York City, the New York City Human Resources Administration is tasked with providing Adult Protective Services. *Id.*

[5] The Court presumes that these exams were conducted to determine Grace Grant's eligibility for Adult Protective Services. (*See infra* n.4.)

[6] Plaintiff has been previously convicted of multiple misdemeanor counts for violating sections 353 and 353-a of New York Agriculture and Markets Law, which prohibit the

- The Department of Health and Mental Hygiene ("Department of Health") "oversee[s] the fraud and corruption of Elmhurst Hospital and ASPCA and should directly be responsible[.]" (*Id.* at ECF 6.)

- Assistant District Attorney ("ADA") Nicoletta Cafferi (1) "falsely arrest[ed] [Plaintiff] working with ASPCA," (*id.* at ECF 4); (2) "has been illegally violating HIPAA laws calling Elmhurst Hospital" "slandering" Plaintiff and her mother and has "locked" Grace Grant in the hospital, (*id.* at ECF 38); and (3) "is paid by ASPCA" to "allow them to steal people's healthy pets and kill them and use them as tax" write offs, (*id.*).

- Plaintiff's brother, Edmond Grant, has caused "pain and suffering" with "illegal seizures of animals and basically getting [Plaintiff] arrested" by working with Adult Protective Services and ASPCA. (*Id.* at ECF 32.)

- Meera[7] and Maruf Mirza, Plaintiff's neighbors, have been giving "false reports" to Adult Protective Services and the ASPCA, working with ADA Cafferi, and "harassing" and "threatening" Plaintiff and her mother "to get [Plaintiff's] house." (*Id.* at ECF 63–64.)

- Plaintiff's ankle was injured when an ankle monitor was placed on it at a police precinct.[8] (*Id.* at ECF 4.)

Plaintiff attaches letters from the ASPCA and the Animal Care Centers of NYC ("ACC") dated November 27, 28, and 29, 2021 and December 22, 2021, stating that the ASPCA and the ACC are in possession of pets identified as likely belonging to Plaintiff and/or her mother. (*Id.* at

---

mistreatment of animals. *Grant v. Cafferri*, 2019 WL 6526007, at *2. "On April 30, 2018, Queens Criminal Court Judge Stephanie Zaro sentenced [Plaintiff] to three years' probation. Under the conditions of probation set by Judge Zaro, [Plaintiff] was prohibited from owning, harboring, or having custody or control of any animals for ten years and was required to submit to unannounced home visits by probation officers." *Id.*

[7] The Court notes that the caption of the case incorrectly names "Meara Chu" as opposed to Meera Mirza as a Defendant.

[8] Although Plaintiff does not explain when and why she was outfitted with an ankle monitor, the Court notes that Plaintiff is due to appear in Queens County Criminal Court on March 2, 2022. *See* https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch (last visited Feb. 14, 2022) (noting that plaintiff has two pending Queens County criminal actions, Nos. CR-026753-21QN and CR-025070-21QN).

4

ECF 74–77.) Plaintiff also attaches certain newspaper articles. (*Id.* at 79–87.) Plaintiff seeks $350,000 in damages against each Defendant. (*Id.* at ECF 4.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021) (citation omitted). Complaints filed by *pro se* litigants are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

In addition to requiring sufficient factual matter to state a plausible claim to relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of the claim against each defendant. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*,

5

230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019).

## DISCUSSION

### I.   Claims Asserted on Behalf of Grace Grant

Grace Grant, Plaintiff's mother, did not apply for permission to proceed IFP and did not sign the Complaint as required by Rule 11(a).  Plaintiff, a *pro se* litigant, cannot represent anyone other than herself.  *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (noting that, despite the plain text of § 1654, "appearance *pro se* denotes . . . appearance for one's self; so that a person ordinarily may not appear *pro se* in the cause of another person or entity.").  Accordingly, claims brought by Grace Grant and/or by Plaintiff on behalf of her mother, including claims against ASPCA and Elizabeth Brandler and Erin Sourerwate, who are alleged to be employed by the ASCPA, are dismissed without prejudice to renewal by Grace Grant herself or her lawyer.

### II.   Plaintiff's Own Claims

To the extent Plaintiff seeks to maintain an action for false arrest and illegal search and seizure, the Court construes these claims as arising under 42 U.S.C. § 1983.  "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983).  Accordingly, to state a claim pursuant to Section 1983, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell,* 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)).  Section 1983 does not create any independent substantive rights; but rather is a vehicle to "redress . . . the deprivation of [federal] rights

6

established elsewhere." *Thomas v. Roach,* 165 F.3d 137, 142 (2d Cir.1999) (citing *Oklahoma City v. Tuttle,* 471 U.S. 808, 816 (1985)). A plaintiff seeking to recover damages pursuant to Section 1983 "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft,* 556 U.S. at 678.

### A.   ADA Cafferi

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suits for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff alleges that ADA Cafferi falsely arrested her, "has been illegally violating HIPAA laws [by] calling Elmhurst General," has been "slandering" Plaintiff and her mother, has "locked" Grace Grant in the hospital, and "is paid by ASPCA" to "allow them to steal people's healthy pets and kill them and use them as tax" write offs. (Compl., Dkt. 2, at ECF 4, 38.) Since Plaintiff does not allege that she was arrested on November 26, 2021, the day when the events giving rise to the complaint took place, or that ADA Cafferi was present when Plaintiff and her mother were taken out of their house and brought to Elmhurst General Hospital, the Court presumes that Plaintiff's allegations regarding ADA Cafferi relate to the criminal actions pending against Plaintiff in Queens County Criminal Court. (*See infra* n.6.) To the extent Plaintiff asserts that ADA Cafferi prepared arrest warrants, initiated the prosecution and will be prosecuting the pending criminal

actions against Plaintiff, ADA Cafferi's actions are within the scope of her official duties. Accordingly, Plaintiff's claims against ADA Cafferi are dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(B); *see See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (noting that a prosecutor's activities in connection with the preparation and filing of charging documents—the information and the motion for an arrest warrant—are protected by absolute immunity); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

### B.  Judge Zaro[9]

Plaintiff names Judge Zaro in the caption of the Complaint but does not appear to assert any claims against her. For this reason alone, Judge Zaro may be dismissed from the action. *See* 28 U.S.C. § 1915(e)(2)(B). However, the Court further notes that judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *Ojeda v. Mendez*, No. 20-CV-3910, 2021 WL 66265, at *2 (E.D.N.Y. Jan. 7, 2021). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). Plaintiff's claims against Judge Zaro are dismissed with prejudice based on judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(b); *Grant*, 2019 WL 6526007, at *8 (dismissing plaintiff's claims against Judge Zaro with prejudice); *see also Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

---

[9] The Court notes that the caption of the case incorrectly and separately names "Zara" and "Stephanie Zoo" as Defendants, as opposed to Judge Stephanie Zaro, as to whom no allegations are made in the Complaint.

8

    **C.**    **Elmhurst General Hospital, Adult Protective Services, and the Department of Mental Health and Hygiene**

Under *Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978), "a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citations omitted). But it is well established that municipal liability cannot be based on a theory of *respondeat superior*, and thus, a local governmental entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agent." *Monell*, 436 U.S. at 691, 694; *see also Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) ("The Supreme Court has made clear that 'a municipality cannot be made liable' under § 1983 for acts of its employees 'by application of the doctrine of *respondeat superior*.'" (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986))). Rather, establishing municipal liability under Section 1983 "requires a showing that the plaintiff suffered a tort in violation of federal law committed by the municipal actors and, in addition, that their commission of the tort resulted from a custom or policy of the municipality." *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013). In other words, municipal liability requires three elements: "(1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 97 (2d Cir. 2020) (citation omitted). A municipal policy or custom "may be pronounced or tacit and reflected in either action or inaction." *Lucente v. County of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Cash v. County of Erie*, 654 F.3d 324, 334 (2d Cir. 2011)).

Plaintiff's allegations against Elmhurst General Hospital, Adult Protective Services, and the Department of Mental Health fail to demonstrate *Monell* liability. *See e.g.*, *Pizarro v. Ponte*, No. 17-CIV.-4412, 2019 WL 568875, at *7 (S.D.N.Y. Feb. 11, 2019) (as a municipal corporation,

Department of Mental Health and Hygiene may be held liable under § 1983 only for a violation of constitutional rights committed pursuant to an official policy or custom); *Ingrassia v. Health & Hosp. Corp.*, 130 F. Supp. 3d 709, 716 (E.D.N.Y. 2015) (dismissing Elmhurst General Hospital, an operating division of Health and Hospitals Corporation, because it "is not a suable entity"); *Morris v. Katz*, No. 11-CV-3556, 2011 WL 3918965, at *6 (E.D.N.Y. Sept. 4, 2011) (Adult Protective Services cannot be named as a defendant). Accordingly, Plaintiff's claims against Elmhurst General Hospital, Adult Protective Services, and the Department of Mental Health are dismissed for failure to state a claim with leave to amend. 28 U.S.C. § 1915(e)(2)(B). If Plaintiff seeks to bring a Section 1983 claim against the municipality, she must name the City of New York as a defendant and allege sufficient facts that demonstrate a policy or custom that caused Plaintiff to be subjected to the deprivation of a constitutional right.

### D. Edmond Grant and Meera and Maruf Mirza

Plaintiff alleges that her brother, Edmond Grant, and her neighbors Meera and Maruf Mirza made false allegations concerning the pets in her home, which caused the ASPCA and Adult Protective Services to intervene. (Compl., Dkt. 2, at ECF 56–57.) Plaintiff further alleges that Meera and Maruf Mirza have been harassing her and her mother. (*Id.*) Private actors are not proper parties under Section 1983 because they do not act under color of state law. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of Section 1983. *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted). However, private individuals who are not state actors may be liable under Section 1983 if they have conspired with or engaged in joint activity with state actors. *Anilao v. Spota,* 340 F. Supp. 3d 224, 253 (E.D.N.Y. 2018); *Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 445 (E.D.N.Y. 2012); *see Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001)

("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself[.]'") (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974)).

Plaintiff's claims against Edmond Grant and Meera and Maruf Mirza fail because these Defendants are private individuals and Plaintiff has failed to plead plausible factual allegations to support claims for state action or a conspiracy/joint activity with state actors. *Washington v. Williams*, No. 19-CV-00289, 2019 WL 1876787, at *3 (E.D.N.Y. Apr. 26, 2019). Accordingly, Plaintiff's claims against Defendants Edmond Grant and Meera and Maruf Mirza are dismissed for failure to state a claim with leave to amend. 28 U.S.C. § 1915(e)(2)(B).

## LEAVE TO AMEND

In light of this Court's duty to liberally construe *pro se* complaints, Plaintiff and her mother, Grace Grant, are given thirty (30) days from the date of this Memorandum and Order to file an amended complaint. Plaintiff and Grace Grant are informed that the amended complaint must be a short, plain, and legible statement and must set forth factual allegations in numbered paragraphs, organized in a chronological manner, and must be signed by both Elizabeth and Grace Grant. The paragraphs must give the date and location of the events giving rise to each Section 1983 claim, name the specific defendant(s) alleged to be responsible for each action or omission, explain exactly what each defendant did or failed to do, and explain how that action or omission led to a deprivation of their federal constitutional or statutory rights. The amended complaint must focus on current allegations and not raise allegations that were the subject of prior suits. Plaintiff is informed that she may not assert any claims on her mother's behalf. Any amended complaint will completely replace, not supplement, the original complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Memorandum and Order.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Defendants Nicoletta Cafferi and Judge Zaro (incorrectly named as "Zara" and "Stephanie Zoo") are dismissed *with prejudice*. Plaintiff's claims against Elmhurst General Hospital, Adult Protective Services, and the Department of Mental Health and Hygiene are dismissed with leave to amend within thirty (30) days of this Memorandum and Order to add the City of New York as a Defendant. Plaintiff and Grace Grant are also granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint with respect to Defendants ASPCA, Elizabeth Brandler, and Erin Souterwate. Any amended complaint will be reviewed for sufficiency. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. If Plaintiff and Grace Grant fail to amend the Complaint within thirty (30) days as directed by this Memorandum and Order, the case will be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 18, 2022
       Brooklyn, New York