UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ELIZABETH GRANT and GRACE GRANT,

                Plaintiffs,

- against -

ASPCA, NICOLETTA CAFFERI, EDMOND
GRANT, MEARA CHU, MARUF MIRZA,
ELIZABETH BRANDLER, and ERIN
SOUTERWATE,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-775 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

       By Memorandum and Order dated February 18, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), denied her application for pro bono counsel without prejudice, dismissed the complaint for failure to state a claim, and granted Plaintiff thirty (30) days to file an amended complaint. *See Grant v. Adult Protective Servs.*, No. 22-CV-775 (PKC) (LB), 2022 WL 504409, at *6 (E.D.N.Y. Feb. 18, 2022). Plaintiff failed to do so within the time allowed. (*See* 4/4/2022 Order Dismissing Case.) The Court therefore dismissed the case without prejudice and a judgment was entered. (*Id.*; Clerk's Judgment, Dkt. 9.)

       On April 11, 2022, Plaintiff filed a document that the Court liberally construes as a motion for reconsideration seeking to reopen the case and deem the attached amended complaint timely filed. (*See* Dkt. 10.) The Court grants Plaintiff's motion for reconsideration and respectfully directs the Clerk of Court to reopen this action. However, Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief may be granted and for failure to conform with Rule 8 of the Federal Rules of Civil Procedure.

1

Section 1915 of Title 28 requires a district court to dismiss an IFP complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Additionally, pursuant to Rule 8, a plaintiff must provide a short and plain statement of the claim against each defendant. Fed. R. Civ. P. 8(a)(2). "Dismissal under this rule is appropriate in 'those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Owens v. McCall*, 5 F. App'x. 15, 16 (2d Cir. 2001) (summary order) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Plaintiff's handwritten amended complaint, which exceeds 250 pages, is incomprehensible, unintelligible, and so confused that the Court cannot determine its true substance. Accordingly, Plaintiff's amended complaint is dismissed for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B), and failure to provide a short and plain statement of the claims, *see* Fed. R. Civ. P. 8(a)(2). *See, e.g.*, *Trice v. Onondaga Cty. Justice Ctr.*, 124 F. App'x 693, 694 (2d Cir. 2005) (summary order) (affirming the district court's dismissal where the plaintiff's second amended complaint was "incomprehensible, incomplete and technically deficient, consisting of one, rambling paragraph" and "containing over 550 lines . . . [of] incoherent allegations"); *see also Scotto v. Maimonides Hosp.*, No. 19-CV-2821 (MKB), 2019 WL 3412112, at *2 (E.D.N.Y. July 26, 2019) (dismissing the "complaint because it is incoherent and incomprehensible and fails to state any facts against the Defendants").

In light of this Court's duty to liberally construe *pro se* complaints, the Court once again grants Plaintiff leave to file a second amended complaint within thirty (30) days from the date of this Memorandum and Order. The second amended complaint must be 20 pages or less in length, typed or legibly written, and organized by numbered paragraphs. The paragraphs must give the date and location of the events giving rise to each claim, name the specific defendant(s) alleged to be responsible for each action or omission, explain exactly what each defendant did or failed to do, and explain how that action or omission led to a deprivation of Plaintiff's federal constitutional or statutory rights. The second amended complaint must focus on current allegations and not raise allegations that were the subject of prior suits.

Plaintiff is again informed that she may not assert any claims on her mother's behalf. To the extent Plaintiff's mother, Grace Grant, wishes to bring any claims, the second amended complaint must be signed by Grace Grant and must allege facts pertinent to her own claims against any defendants. In addition, Plaintiff is reminded that the Court's February 18, 2022 Memorandum and Order dismissed her claims against Defendants Nicoletta Cafferi and Judge Zaro with prejudice, *see Grant*, 2022 WL 504409, at *4–5, and thus Plaintiff may not bring claims against them in the second amended complaint. Finally, Plaintiff is informed that the second amended complaint will completely replace, not supplement, the prior complaints. The second amended complaint must be captioned as a "Second Amended Complaint," and bear the same docket number as this Memorandum and Order.

## CONCLUSION

For the reasons stated here, Plaintiff's motion to reconsider is granted and the Clerk of Court is respectfully directed to reopen this action. Plaintiff's amended complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to provide a short and plain statement of the claims, *see* Fed. R.

Civ. P. 8(a)(2). Plaintiff is granted a final opportunity to amend the complaint within thirty (30) days of this Memorandum and Order as detailed above.

Plaintiff is warned that failure to comply with this Memorandum and Order will result in dismissal of this action without leave to amend and closure of this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

        SO ORDERED.

        */s/ Pamela K. Chen*
        Pamela K. Chen
        United States District Judge

Dated: April 15, 2022
      Brooklyn, New York