UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ELIZABETH GRANT and GRACE GRANT,

                Plaintiffs,

   - against -

ASPCA, NICOLETTA CAFFERI, EDMOND
GRANT, MEERA MIRZA, MARUF MIRZA,
ELIZABETH BRANDLER, ERIN
SOUTERWATE, MIRIAM CASTRO,
MEZMIN MOTUBAN, GEORGIANNA
ANDERSON, ELMHURST HOSPITAL, JOY
KIM, KARINA LOAYZA, JUDGE ZARO,
JUDGE SIEGEL, 115 PRECINCT, NYPD,
WILLIAM TORRES, KIMBERLY KARNS,
ANNA HOCK, NEW YORK FOUNDATION
FOR SENIOR CITIZENS, GUARDIAN
SERVICES, INC., GUARDIANSHIP COURT,
and QUEENS CRIMINAL COURT,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-775 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On April 15, 2022, the Court granted Plaintiff Elizabeth Grant[1] a final opportunity to amend her complaint. (*See* Dkt. 11.) On June 7, 2022, Plaintiff filed a document that the Court liberally construes as a Second Amended Complaint ("SAC") brought pursuant to 42 U.S.C. § 1983. (*See* Dkt. 12.) For the reasons discussed below, Plaintiff's claims against all named defendants are dismissed for failure to state a claim upon which relief may be granted and for failure to conform with Rule 8 of the Federal Rules of Civil Procedure. However, Plaintiff's claims

---

[1] In the original complaint, Elizabeth Grant also sought to assert claims on behalf of her mother, Grace Grant. However, as discussed *infra*, the Court dismissed those claims because Plaintiff, as a *pro se* litigant, cannot represent anyone but herself. Therefore, the Clerk of the Court is respectfully directed to remove Grace Grant from the caption of this case, and this decision references only one Plaintiff, Elizabeth Grant.

1

against unidentified New York City Police Department ("NYPD") officer(s) for false arrest based on her arrests which occurred on November 26, 2021 and December 22, 2022 may proceed.

## BACKGROUND

The Court presumes Plaintiff's familiarity with the factual and procedural history of this case and incorporates by references its prior orders, issued on February 18, 2022, *see Grant v. Adult Protective Services*, No. 22-CV-775 (PKC) (LB), 2022 WL 504409, at *6 (E.D.N.Y. Feb. 18, 2022), and April 15, 2022, *see Grant v. ASPCA et al.*, No. 22-CV-775 (PKC) (LB), 2022 WL 1128988, at *1 (E.D.N.Y. Apr. 15, 2022). In its last order, the Court granted Plaintiff leave to file a SAC and, because the prior complaints were difficult to decipher, incomprehensible, and illegible, among other things, *see Grant* 2022 WL 1128988, at *1 and *Grant*, 2022 WL 504409, at *1, the Court ordered that:

> The second amended complaint must be 20 pages or less in length, typed or legibly written, and organized by numbered paragraphs. The paragraphs must give the date and location of the events giving rise to each claim, name the specific defendant(s) alleged to be responsible for each action or omission, explain exactly what each defendant did or failed to do, and explain how that action or omission led to a deprivation of Plaintiff's federal constitutional or statutory rights. The second amended complaint must focus on current allegations and not raise allegations that were the subject of prior suits.

*Grant* 2022 WL 1128988, at *2.

On June 7, 2022, Plaintiff filed a document that the Court liberally construes as a SAC. (*See* Dkt. 12.)

## STANDARD OF REVIEW

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Additionally, pursuant to Rule 8, a plaintiff must provide a short and plain statement of the claim against each defendant. Fed. R. Civ. P. 8(a)(2). "Dismissal under this rule is appropriate in 'those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Owens v. McCall*, 5 F. App'x. 15, 16 (2d Cir. 2001) (summary order) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## DISCUSSION

Plaintiff's handwritten second amended complaint names 22 defendants, is 68 pages long, and, as before, "illegible in places, alleges facts in a disjointed, stream-of-consciousness manner, and discusses past legal claims and issues, many of which have been the subject of her prior dismissed lawsuits in this Court." *Grant*, 2022 WL 504409, at *6. Plaintiff's SAC is thus dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a)(2), against all defendants, except the unidentified NYPD officers who Plaintiff alleges falsely arrested her.

**I.    Plaintiff's False Arrest Claims Against John Doe NYPD Officer(s) May Proceed**

In light of this Court's duty to liberally construe *pro se* complaints, the Court has attempted to parse through Plaintiff's SAC to determine if Plaintiff has stated any viable causes of action. Liberally construed, Plaintiff may be seeking to assert a claim for false arrest based on her arrests by NYPD officers that allegedly occurred on April 26, 2016, August 28, 2018, November 26, 2021, and December 22, 2022. (*See* Dkt. No. 12, at ECF 3, 16.) Under New York law, a plaintiff alleging false arrest must show that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). The statute of limitations for false arrest claims begins to run "when the alleged

3

false imprisonment ends." *See Wallace v. Kato*, 549 U.S. 384, 387, 389 (2007) ("Section 1983 provides a federal cause of action, but . . . federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts."). The Second Circuit has determined that "false imprisonment ends when 'the victim becomes held pursuant to [legal] process – when, for example, he is bound over by a magistrate or arraigned on charges.'" *Lynch v. Suffolk Cty. Police Dep't, Inc.*, 348 F. App'x 672, 675 (2d Cir. 2009) (quoting *Wallace*, 549 U.S. at 390). In New York, the statute of limitations for claims brought pursuant to § 1983 is three years. *Steinbergin v. City of New York*, No. 21-CV-536, 2022 WL 1231709, at *2 (2d Cir. Apr. 27, 2022). Here, Plaintiff's claims for false arrest stemming from her April 26, 2016 and August 28, 2018 are clearly time-barred and Plaintiff may not pursue those claims. However, Plaintiff's claims for false arrest based on her November 20, 2021 and December 22, 2022 arrests may proceed.

**II.      Plaintiff's Claims Against All Named Defendants Are Dismissed**

The remainder of Plaintiff's claims, all against named defendants, are dismissed for the following reasons.

First, it appears that Plaintiff once again seeks to assert claims on behalf of her mother, Grace Grant. The Court previously explained that "Plaintiff, a *pro se* litigant, cannot represent anyone other than herself." *Grant*, 2022 WL 504409, at *3 (citations omitted). Any claims purportedly asserted on behalf of Grace Grant are therefore dismissed.

Second, Plaintiff again names Assistant District Attorney ("ADA") Nicoletta Cafferi and Judge Zaro as defendants, although the Court previously dismissed all claims against them with prejudice. Because Plaintiff cannot simply bring the same claims again, ADA Cafferi and Judge Zaro are dismissed from the SAC. Plaintiff's claims against newly added defendants Judges Lewis

and Spiegel are also dismissed for the reasons articulated in the Court's prior order. *Id.* at *5 ("[J]udges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities.").

Third, Plaintiff again names Elmhurst General Hospital and Adult Protective Services although the Court previously dismissed claims against them and advised Plaintiff that if she "seeks to bring a Section 1983 claim against the municipality, she must name the City of New York as a defendant and allege sufficient facts that demonstrate a policy or custom that caused Plaintiff to be subjected to the deprivation of a constitutional right." *Id.*  Plaintiff fails to do either in her SAC.  Thus, claims against defendants Elmhurst General Hospital and Adult Protective Services are dismissed.  For similar reasons, the Court dismisses claims against the "115 Police Precinct, NYPD." *Id.*; *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007).

Fourth, Plaintiff again "alleges that her brother, Edmond Grant, and her neighbors Meera and Maruf Mirza, made false allegations concerning the pets in her home, which caused the [American Society for the Prevention of Cruelty to Animals] and Adult Protective Services to intervene" and "that Meera and Maruf Mirza have been harassing her and her mother." *Grant*, 2022 WL 504409, at *6.  As the Court previously held, "Plaintiff's claims against Edmond Grant and Meera and Maruf Mirza fail because these Defendants are private individuals and Plaintiff has failed to plead plausible factual allegations to support claims for state action or a conspiracy/joint activity with state actors." *Id.* (citations omitted).  Accordingly, Plaintiff's claims against Edmond Grant and Meera and Maruf Mirza are again dismissed for failure to state a claim.

Fifth, Plaintiff now names "Guardianship Court" and "Queens Criminal Court" as defendants.  "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states'

5

Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Because the New York Supreme Court, Queens County, is part of the New York State Unified Court System, *see* N.Y. Const., Art. 6, § 1(a), the Eleventh Amendment bars Plaintiff's claims against the state court from proceeding in federal court. *See Gollomp*, 568 F.3d at 368. Thus, Plaintiff's claims against "Queens Supreme Court" and "Guardianship Court" are dismissed with prejudice.

Finally, as to the remaining defendants and claims, Plaintiff fails to allege clear, concise, or plausible facts in support of her allegations. Therefore, the remainder of Plaintiff's claims are dismissed for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons stated here, Plaintiff's claims against the named defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's false arrest claims against the John Doe New York Police Department officer(s) may proceed. In accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (*per curiam*), the Court hereby requests Corporation Counsel of the City of New York, within forty-five (45) days from the date of this Memorandum and Order, to ascertain the full name(s) of the John Doe officer(s) who are alleged to have been involved in the November 26, 2021 and December 22, 2022 arrests of Plaintiff in East Elmhurst, New York. Corporation Counsel shall provide the full name(s) of the John Doe officer(s) and the address(es) where they can currently be served. Corporation Counsel need not undertake to defend or indemnify them at this juncture. Once the officer(s) have been identified, Plaintiff's SAC shall be deemed amended to reflect the full name of these individual(s) as defendant(s) and a summons shall issue. The Clerk

of Court is respectfully directed to mail a copy of this Memorandum and Order to Plaintiff and Corporation Counsel, Special Federal Litigation Division. The action is respectfully referred to Magistrate Judge Lois Bloom for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 11, 2022
　　　　Brooklyn, New York